# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re:  Anthony J. Lastovich, | Bankruptcy Case No.: 19-50848 |
| | Chapter 13 |
| Debtor(s). | |

**NOTICE OF REQUEST FOR EXPEDITED RELIEF AND SECOND AMENDED NOTICE OF HEARING AND MOTION
TO AVOID LIENS IMPARING EXEMPTION**

TO:    Judgment Creditors Listed Below, U.S. Trustee and other Parties in Interest.

1. The Debtor, above-named, moves the Court for expedited relief and gives notice of hearing for the relief requested below.

2. The Court will hold a Hearing on this Motion at 10:00 a.m. on Thursday, September 3, 2020, in Courtroom 8 West, Diana E. Murphy United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415.

3. Due to the expedited nature of this motion, Debtor waives any objection to any response filed within 2 hours of the hearing. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

4. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334, Federal Rule of Bankruptcy Procedure 5005 and Local Rule 1070-1.  This proceeding is a core proceeding.  The Petition commencing this Chapter 13 case was filed on October 28, 2019.

5. This Motion arises under 11 U.S.C. §522.  This Motion is filed under Federal Rule of Bankruptcy Procedure 9014 and Local Rules 9013-1 through 9019-1(d).  The purpose of this motion is to avoid the fixing of judicial liens against real property of the Debtor.

6. A judgment was entered and docketed against Debtor in favor of Ess Brothers and Sons, Inc. on 09/04/2018, in St. Louis County Minnesota, District Court File Number 69DU-CV-18-1457 in the original amount of $8,657.86.

7. A judgment was entered and docketed against Debtor in favor of Teamsters Local 346 Savings and 401(k) Plan on 10/29/2018, in St. Louis County Minnesota, District Court File Number 69DU-CV-18–2917 in the original amount of $51,566.39.

8. A judgment was entered against Debtor in favor of Teamsters Local 346 Savings and 401(k) Plan on 07/30/2018 in United States District Court, District of Minnesota Civil File Number 18-CV-01189 in the original amount of $51,566.39. This judgment is a duplicate of the preceding judgment.

9. A judgment was entered on 10/05/2018 and docketed on 01/11/2019 against Debtor in favor of David Schrunk and Steven Sauer as Trustees of the Minnesota Teamsters Construction Division Health and Welfare Fund, in St. Louis County Minnesota, District Court File Number 69DU-CV-19-126 in the original amount of $12,309.46.

10. A judgment was entered on 10/09/2018 against Debtor in favor of David Schrunk and Steven Sauer as Trustees of the Minnesota Teamsters Construction Division Health and Welfare Fund, in United States District Court, District of Minnesota Civil File Number 17-CV-05296 in the original amount of $12,309.46. This judgment is a duplicate of the preceding judgment.

11. A judgment was entered on 12/11/2018 and docketed on 01/11/2019 against Debtor in favor of John Nesse and Tim Mackey, as Trustees of the Minnesota Laborers Health and Welfare Fund in St. Louis County Minnesota, District Court File Number 69DU-CV-19-127 in the original amount of $15,838.85.

12. A judgment was entered on 12/11/2018 against Debtor in favor of John Nesse and

Tim Mackey, as Trustees of the Minnesota Laborers Health and Welfare Fund in United States District Court, District of Minnesota Civil File Number 17-CV-03385 in the original amount of $15,838.85. This judgment is a duplicate of the preceding judgment.

13. A judgment was entered on 07/09/2018 and docketed on 08/08/2018 against Debtor in favor of North East Technical Services in St. Louis County Minnesota, District Court File Number 69HI-CV-18-751 in the original amount of $8,305.55.

14. A judgment was entered on 04/05/2019 and docketed on 04/11/2019 against Debtor in favor of Laurentian Aggregate, LLC in St. Louis County Minnesota, District Court File Number 69HI-CV-18-807 in the original amount of $62,639.50.

15. A judgment was entered and docketed against Debtor in favor of Capital One Bank (USA) N.A. on 09/25/2019, in St. Louis County Minnesota, District Court File Number 69HI-CV-19-955 in the original amount of $14,872.28.

16. A judgment was entered and docketed against Debtor in favor of Retail Capital Partners, LLC, dba Credibly on 05/13/2019, in St. Louis County Minnesota, District Court File Number 69DU-CV-19-1220 in the original amount of $34,022.56.

17. A judgment was entered on 06/04/2019 and docketed on 06/05/2019 in favor of Glen Johnson and Timothy Gillen Trustees of the Operating Engineers Local #49 Health and Welfare Fund, et al in United States District Court, District of Minnesota Civil File Number 18-CV-421 (LIB) in the original amount of $28,097.90.

18. The total of the judgments is $236,310.35.

19. Debtor claimed a $347,100 exemption for his abstract homestead real estate under Minnesota Statutes § 510.01 which is described as:

Lot 2, Block 1, Sellars Beach, Saint Louis County, MN.

20. The Meeting of Creditors was held on December 17, 2019. No party in interest or

creditor has filed an objection to the claimed exemptions and the exemptions are allowed.

21. The judgments are, or appear to be, judicial liens within the meaning of 11 U.S.C. § 101(36).

22. The judgments are not for a domestic support obligation as described in 11 U.S.C. § 523(5), nor are they for labor or materials provided to the real property by any of the judgment creditors.

23. The judgment liens impair an exemption to which the Debtor is entitled pursuant to § 522(b) and (f)(1) or (2) of the U.S. Bankruptcy Code.

24. The Debtor listed a value of $700,000 for the homestead real property on Schedule A/B of his bankruptcy schedules.

25. There is a first mortgage against the property in favor of Cenlar Mortgage Central Loan Administration recorded on 11/25/15 as doc #01274612 with a loan balance of $243,900.

26. There is a tax lien against the property in favor of the IRS recorded on 3/5/2018 as doc #01328731 with a balance of $56,255.56.

27. There was a tax lien against the property in favor of Minnesota DEED for unemployment taxes recorded on 12/20/2017 as doc #01324475 in the amount of $56,435.84.

28. The mortgage and tax liens are superior in title to the judgment liens.

29. The total of the balances of the mortgage and tax liens against the property is $356,591.40. Subtracting this total from the listed value of $700,000 results in a net equity of $343,408.60. The amount of the allowed exemption is $347,100. The Minnesota homestead exemption allows an equity value of $420,000.

30. The Debtor has the right to avoid the judicial liens pursuant to 11 U.S.C.

§522(f)(1)(A).

31. Debtor requests an order determining that the judgment liens do not attach to the exempt real property or to the proceeds thereof.

32. In the event testimony is taken, the Debtor will testify at the hearing.

**WHEREFORE**, the Debtor moves the Court for entry of an Order granting expedited relief and that the judgment liens described above are avoided and for such other relief as the Court deems just and equitable.

Dated this 31st day of August 2020.

/s/ John F. Hedtke
John F. Hedtke, #167666
Attorney for Debtor
1217 East First Street
Duluth, Minnesota 55805
218/728-1993

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In Re: Anthony J. Lastovich,                              Bankruptcy Case No.: 19-50848
                                                          Chapter 13
          Debtor.

**VERIFICATION**

Anthony J. Lastovich, Debtor, under penalty of perjury, state(s) that the Notice of Hearing and Motion to Avoid Liens is true and correct as to the best information and knowledge of your Verifyer.

Dated: 8/13/20                                  _[signature]_

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In Re: Anthony J. Lastovich,

    Debtor.

CHAPTER 13
BANKRUPTCY CASE NO. 19-50848

### UNSWORN STATEMENT IN SUPPORT OF REQUEST FOR EXPEDITED RELIEF

I, Anthony J. Lastovich, declare under penalty of perjury that the following statement is true and correct to the best of my knowledge, information and belief:

1. I submit this statement in support of my request for an expedited hearing on my motion to avoid liens.

2. I have sold my exempt homestead and the buyers are anxious to close.

3. A closing date has been tentatively set for September 8, 2020.

Dated: 8/24/20

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:  Anthony J. Lastovich,                           Bankruptcy Case No.: 19-50848
                                                                                   Chapter 13
       Debtor.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AVOID JUDGMENT LIENS**

The Debtor brings this Motion to avoid the fixing of judicial liens against his exempt abstract homestead real property. The Debtor exempted the homestead real estate under Minnesota Statutes § 510.01 claiming an exemption of $347,100.  The exemption was allowed. Under Minnesota Statutes §510.01, the homestead exemption available to the debtor is $420,000.

It appears from the recording information provided on Schedule D of the Debtor's bankruptcy schedules that all of the judgment liens sought to be avoided were docketed after the recording of the mortgage and the tax liens identified below. That would make them all subordinate to the mortgage and tax liens because a judgment becomes a lien against all abstract real estate only from the time of docketing in the county where the real estate is located under Minnesota Statutes §548.09.

The Debtor's homestead real property in St. Louis County, Minnesota had a scheduled value of $700,000. The property is described as follows:

    Lot 2, Block 1, Sellars Beach, Saint Louis County, MN

The judicial liens sought to be avoided in this action total $236,310.35.  The property was subject to a first mortgage in favor of Cenlar Mortgage with a balance of $243,900 and two tax liens totaling $112,691.40.

Section 522(f)(1) of the Bankruptcy Code allows a debtor to avoid a judicial lien "to the extent that such lien impairs an exemption to which the debtor would have been entitled." <u>11 U.S.C. §522(f)(1)</u>

The issue at hand is whether the several judgment liens impair an exemption. The answer to this question involves the invocation of the formula set out in 11 U.S.C. §522(f)(2)(A) which provides:

(2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—

(i) the [judicial] lien;

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

Applying the formula to the homestead property, the amount of the judgment liens ($236,310.35) plus the mortgage and tax liens balance ($356,591.40) plus the homestead exemption ($420,000) equals $1,012,901.70. This $1,012,901.70 sum exceeds the scheduled value of the real estate ($700,000).

A question that is commonly before a court is how much of the judicial lien is to be avoided? A part or all? This question was answered by the court in In re Kolich, 328 F3rd 406 (8th Cir.2003).

The answer is that the judicial lien(s) is to be avoided only to the extent that the lien(s) impairs the exemption. Conversely, the judicial lien may not be avoided to the extent that the debtor's equity in the property exceeds the allowed exemption. Id. at FN 2, pg 409.

In the case at hand, it is clear that the judicial liens are to be avoided in their entirety because under the §522(f)(2)(A) formula, the sum of the (i), (ii) and (iii) items ($1,013,996.70) exceeds the debtor's interest in the property ($700,0000) and thus impairs the exemption.

For the reasons advanced above, the Debtor is entitled to the relief requested.

Dated this 31st day of August 2020.

<u>/s/ John F. Hedtke</u>
John F. Hedtke, #167666
Attorney for Debtor
1217 East First Street
Duluth, Minnesota 55805
(218) 728-1993

UNITED STATES BANKRUPTCYCOURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In Re:  Anthony J. Lastovich, | Bankruptcy Case No.: 19-50848 |
| Debtor. | Chapter 13 |

**RECEIPT AND ACKNOWLEDGEMENT OF ACCEPTANCE OF SERVICE OF SECOND AMENDED MOTION**

Please take notice that McGrann Shea Carnival Straughn & Lamb, Chartered, as attorney for Steven Sauer and David Schrunk as Trustees of the Minnesota Teamsters Construction Division Health and Welfare Fund, the judgment creditor in the St. Louis County, State of Minnesota, District Court File Number 69DU-CV-19-126 in the original amount of $12,309.46 acknowledges that the referenced judgment was transcribed into state court from the judgment with the same parties in United States District Court, District of Minnesota Civil File Number 17-CV-05296.  Creditor, by its authorized attorney,  does not object to the inclusion of the federal judgment in the debtor's Second Amended Motion for Expedited Relief and Motion to Avoid Liens and acknowledges receipt of same on behalf of the above party with like effect as personal service upon the party.

                                                                                    McGrann Shea Carnival Straughn & Lamb, Chartered

Dated: 8/31/2020                                          By:  /s/ Christy E. Lawrie
                                                                               Christy E. Lawrie
                                                                               800 Nicollet Mall, Suite 2600
                                                                              Minneapolis, MN 55402
                                                                               612-338-2525

UNITED STATES BANKRUPTCYCOURT
DISTRICT OF MINNESOTA

In Re:  Anthony J. Lastovich,                                     Bankruptcy Case No.: 19-50848
                                                                                      Chapter 13
          Debtor.

RECEIPT AND ACKNOWLEDGEMENT OF ACCEPTANCE OF SERVICE OF SECOND
AMENDED MOTION
_____

Please take notice that McGrann Shea Carnival Straughn & Lamb, Chartered, as attorney for John Nesse and Tim Mackey as Trustees of the Minnesota Laborers Health and Welfare Fund, the judgment creditor in the St. Louis County, State of Minnesota, District Court File Number 69DU-CV-19-127 in the original amount of $15,838.85 acknowledges that the referenced judgment was transcribed into state court from the judgment with the same parties in United States District Court, District of Minnesota Civil File Number 17-CV-03385. Creditor, by its authorized attorney, does not object to the inclusion of the federal judgment in the debtor's Second Amended Motion for Expedited Relief and Motion to Avoid Liens and acknowledges receipt of same on behalf of the above party with like effect as personal service upon the party.

Dated: 8/31/2020                                      By:  /s/ Christy E. Lawrie
                                                                   Christy E. Lawrie
                                                                   800 Nicollet Mall, Suite 2600
                                                                   Minneapolis, MN 55402
                                                                    612-338-2525

**UNITED STATES BANKRUPTCYCOURT
DISTRICT OF MINNESOTA**

In Re:  Anthony J. Lastovich,            Bankruptcy Case No.: 19-50848
                                                                                                      Chapter 13

           Debtor.

**RECEIPT AND ACKNOWLEDGEMENT OF ACCEPTANCE OF SERVICE OF SECOND AMENDED MOTION**

Please take notice that Andrew, Bransky & Poole, P.A. as attorney for Teamsters Local 346 Savings and 401(k) Plan the judgment creditor in St. Louis County, State of Minnesota, District Court File Number 69DU-CV-18-2917 in the original amount of $51,566.39 acknowledges that the referenced judgment was transcribed into state court from the judgment with the same parties in United States District Court, District of Minnesota Civil File Number 18-CV-01189.  Creditor, by its authorized attorney, does not object to the inclusion of the federal judgment in the debtor's Second Amended Motion for Expedited Relief and Motion to Avoid Liens and acknowledges receipt of same on behalf of the above party with like effect as personal service upon the party.

                                                                     Andrew, Bransky & Poole, P.A.

Dated:____8/31/20_____          By: /s/ Jane C. Poole
                                                                              Jane C. Poole
                                                                              302 W superior Street
                                                                              Suite 300
                                                                              Duluth, MN 55802
                                                                              218-722-1764

UNITED STATES BANKRUPTCYCOURT
DISTRICT OF MINNESOTA

In Re:  Anthony J. Lastovich,  Bankruptcy Case No.: 19-50848
Chapter 13
Debtor.

UNSWORN CERTIFICATE OF SERVICE

    I, John F. Hedtke, state and depose that on the 31st day of August 2020, I served a copy of Debtor's Amended Notice of Request for Expedited Relief and Second Amended Notice of Hearing and Motion to Avoid Liens, Memorandum of Law and proposed Order by first class mail postage pre-paid at Duluth, Minnesota, upon the following:

North East Technical Services
526 Chestnut Street
Virginia, MN 55720

    Service was also made upon each judgment creditor by serving its attorney of record in the state or federal court civil case, if any, by first-class mail, postage pre-paid at Duluth, Minnesota:

Ess Brothers and Sons, Inc.
C/O Gregorson Rosow
100 S. Washington Ave
Ste 1550
Minneapolis, MN 55401

Laurentian Aggregate, LLC
C/O Wagner Falconer & Judd, LTD
100 S 5th Street
Suite 800
Minneapolis, MN 55402

Capital One Bank (USA) N.A
C/O Gurstel Law Office
6681 Country Club Drive
Golden Valley, MN 55427

    Retail Capital Partners, LLC
    C/O Gurstel Law Office
    6681 Country Club Drive
    Golden Valley, MN 55427

    Glen Johnson et al
    C/O McGrann Shea Anderson
    Christy Lawrie, Esq.
    800 Nicolet Mall
    Suite 2600
    Minneapolis, MN 55402

**By written Acknowledgement:**

    Teamsters Local 346 Savings and 401(k) Plan

    David Schrunk et al

    John Nesse et al


**Parties requesting Notice by ECF**

**Chapter 13 trustee by ECF**

**US Trustee by ECF**

Dated: August 31, 2020

                                                      <u>/s/ John F. Hedtke</u>
                                                       John F. Hedtke

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In Re:  Anthony J. Lastovich,                          Bankruptcy Case No.: 19-50848
                                                                                                              Chapter 13

Debtor.

## ORDER AVOIDING LIENS

This case came before the Court on the Debtor's Request for Expedited Relief and Motion. Based on the Motion and the file, record and proceeding herein,

IT IS ORDERED:

1. The request for expedited relief is granted.

2. That the judicial liens described below are avoided as to the following real estate and any proceeds thereof:

Lot 2, Block 1, Sellars Beach, Saint Louis County, MN

a. The apparent lien in favor of Ess Brothers and Sons, Inc. in St. Louis County Minnesota, District Court File Number 69DU-CV-18-1457 in the original amount of $8,657.86.

b. The apparent lien in favor of Teamsters Local 346 Savings and 401(k) Plan in St. Louis County Minnesota, District Court File Number 69DU-CV-18–2917 in the original amount of $51,566.39.

c. The apparent lien in favor of Teamsters Local 346 Savings and 401(k) Plan in United States District Court, District of Minnesota Civil File Number 18-CV-01189 in the original amount of $51,566.39

d. The apparent lien in favor of David Schrunk and Steven Sauer as Trustees of the Minnesota Teamsters Construction Division Health and Welfare Fund, in St. Louis County Minnesota, District Court File Number 69DU-CV-19-126 in the original amount of $12,309.46.

e. The apparent lien in favor of David Schrunk and Steven Sauer as Trustees of the

   Minnesota Teamsters Construction Division Health and Welfare Fund, in United States District Court, District of Minnesota Civil File Number 17-CV-05296 in the original amount of $12,309.46.

f. The apparent lien in favor of John Nesse and Tim Mackey, as Trustees of the Minnesota Laborers Health and Welfare Fund in St. Louis County Minnesota, District Court File Number 69DU-CV-19-127 in the original amount of $15,838.85.

g. The apparent lien in favor of John Nesse and Tim Mackey, as Trustees of the Minnesota Laborers Health and Welfare Fund in United States District Court, District of Minnesota Civil File Number 17-CV-03385 in the original amount of $15,838.85.

h. The apparent lien in favor of North East Technical Services in St. Louis County Minnesota, District Court File Number 69HI-CV-18-751 in the original amount of $8,305.55.

i. The apparent lien in favor of Laurentian Aggregate, LLC in St. Louis County Minnesota, District Court File Number 69HI-CV-18-807 in the original amount of $62,639.50.

j. The apparent lien in favor of Capital One Bank (USA) N.A. in St. Louis County Minnesota, District Court File Number 69HI-CV-19-955 in the original amount of $14,872.28.

k. The apparent lien in favor of Retail Capital Partners, LLC d/b/a Credibly in St. Louis County Minnesota, District Court File Number 69DU-CV-19-1220 in the original amount of $34,022.56.

l. The apparent lien in favor of Glen Johnson and Timothy Gillen Trustees of the Operating Engineers Local #49 Health and Welfare Fund, et al in United States District Court, District of Minnesota Civil File Number 18-CV-421 (LIB) in the original

amount of $28,097.90.

Dated:

_____
U.S. Bankruptcy Judge

# HEDTKE LAW OFFICE

| | | |
|---|---|---|
| 1217 East First Street<br>Duluth, Minnesota 55805<br>E-mail: john@hedtkelaw.com | **John F. Hedtke**<br>Attorney at Law | Tel: (218) 728-1993<br>Fax: (218) 728-0038 |

August 31, 2020

| | | |
|---|---|---|
| Kyle Carlson<br>P.O. Box 519<br>Barnesville, MN 56514 | Affected Creditors &<br>Entities Requesting<br>Notice | US Trustee<br>1015 US Courthouse<br>300 So. 4th Street<br>Minneapolis, MN 55415 |

Re: Anthony J. Lastovich
   Bankruptcy Case No. 19-50848

Dear Sir or Madam:

Attached please find the debtor's Second Amended Motion to Avoid Liens, Memorandum of Law and proposed Order.

This Second Amended Motion affects only three creditors who are already parties to the motion: John Nesse and Tim Mackey as Trustees of the Minnesota Laborers Health and Welfare Fund, Steven Sauer and David Schrunk as Trustees of the Minnesota Teamsters Construction Division Health and Welfare Fund and the Teamsters Local 346 Savings and 401(k) Plan.

The amended motion adds in paragraphs 8, 10 and 12, three federal court judgments between these parties and debtor that were later transcribed into St. Louis County District Court. The two judgments for each creditor are for the same debt.

This is to acknowledge that /s/ signatures are acceptable and approved by the signer.

Very truly yours,

/s/ John F. Hedtke

John F. Hedtke

Encl.